**EMILY S. MILLER,** OSB #034348
E-mail: emiller@pfglaw.com
PARSONS FARNELL & GREIN, LLP
1030 SW Morrison Street
Portland, Oregon 97205
Telephone: (503) 222-1812
Facsimile: (503) 274-7979
*Of Attorneys for Plaintiff.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| META FAB, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>SENTINEL INSURANCE COMPANY, LTD., a foreign corporation,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**(Breach of Contract; Declaratory Judgment)**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1.

Jurisdiction is grounded in 28 USC § 1332. Plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.

2.

Venue is appropriate under 28 USC § 1391(a). The events giving rise to this lawsuit occurred in Oregon, and defendant is subject to personal jurisdiction here.

///

///

Page 1 - COMPLAINT
O:\101140001\0004 esm complaint USDC.doc

## PARTIES

3.

Plaintiff Meta Fab, Inc. is an Oregon corporation with its principal place of business in Hillsboro, Oregon.

4.

Defendant Sentinel Insurance Company, LTD ("Sentinel") is an insurance company domiciled in Connecticut with its principal place of business in Hartford, Connecticut.

## FACTUAL BACKGROUND

5.

Sentinel issued insurance policies to Meta Fab bearing the number 52 SBA ZP4270 ("Policies").

6.

On or about October 16, 2015, Meta Fab learned of a claim against it ("Claim") and promptly tendered the Claim to Sentinel on October 27, 2015. At all times, Meta Fab has been attempting to enter into an Alternative Dispute Resolution ("ADR") process with the claimant to avoid formal litigation.

7.

On or about December 23, 2015, Sentinel paid Meta Fab $15,000 and denied any and all other coverage under Claim No. GL0016503324.

8.

On or about November 23, 2016, Meta Fab was asked to enter into a tolling agreement with the claimant for the purpose of facilitating an ADR process. If Meta Fab did not enter into the tolling agreement, a formal lawsuit would be filed against it.

9.

On or about December 14, 2016, Meta Fab tendered the request for a tolling agreement to Sentinel, explaining why Sentinel has a duty to defend, why Sentinel must agree to the tolling agreement, and why Sentinel must appoint defense counsel to represent Meta Fab in this ADR process.

10.

Since December 14, 2016, Sentinel has verbally represented that defense coverage exists but has failed to actually appoint defense counsel. Sentinel has not put any formal position in writing since December 14, 2016 but has attempted to conduct an improper indemnity investigation for the purpose of determining whether it should appoint defense counsel, notwithstanding its verbal representation that it would.

11.

In the face of Sentinel's ongoing failure to appoint defense counsel and protect Meta Fab, Meta Fab has been forced to protect itself and continues to proceed with an ADR process.

12.

Meta Fab has kept Sentinel apprised of developments in the ADR process. Sentinel has never once objected to the ADR process, despite many opportunities to do so. Sentinel has consented to the ADR process, constructively, impliedly or otherwise.

13.

Meta Fab has incurred in excess of $10,000 defending against the Claim to date and its budget for prospective defense fees exceeds $165,000.

## FIRST CLAIM FOR RELIEF

## (BREACH OF CONTRACT)

14.

Plaintiff re-alleges and incorporates paragraphs 1 through 13 as if fully alleged herein.

15.

Sentinel has a contractual obligation under the Policies to defend Meta Fab in the ADR process.

16.

Sentinel has breached the Policies by failing and refusing to defend Meta Fab in the ADR process.

17.

Meta Fab's performance under the Policies has been satisfied or otherwise excused.

18.

As a direct result of Sentinel's breach of its contractual duty to defend, Meta Fab has been damaged in the amount of increasing defense expenses. Meta Fab's defense expenses will exceed $75,000 and are currently budgeted to cost at least $165,000. Meta Fab is also entitled to recover its attorney fees herein under ORS 742.061 and pre-judgment interest at the rate of nine percent per annum.

## SECOND CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT)

19.

Plaintiff re-alleges and incorporates paragraphs 1 through 18 as if fully alleged herein.

20.

An actual controversy now exists over whether Sentinel has a current and ongoing duty to defend Meta Fab. This obligation is budgeted to exceed $165,000. Meta Fab seeks a judicial declaration that Sentinel owes Meta Fab a current and ongoing duty to defend against the Claim.

21.

Sentinel is liable for Meta Fab's attorney fees herein under ORS 742.061.

## PRAYER

WHEREFORE, Meta Fab prays for relief as follows:

1. Judgment in favor of Meta Fab and against Sentinel in the amount of defense fees incurred as of the date of judgment, the exact amount of which will be proven;

2. A judicial declaration that Sentinel owes Meta Fab a current and ongoing duty to defend the Claim under the Policies;

3. Prejudgment interest at the rate of nine percent per annum;

4. Attorney fees pursuant to ORS 742.061; and

5. All other relief that the Court deems just and equitable.

DATED this 29th day of August, 2017.

PARSONS FARNELL & GREIN, LLP

By: s/Emily S. Miller
Emily S. Miller, OSB #034348
E-mail: emiller@pfglaw.com
1030 SW Morrison Street
Portland, OR 97205
Telephone: (503) 222-1812
Facsimile: (503) 274-7979
*Attorneys for Plaintiff*